UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SANTANA W.,

     Plaintiff,       **DECISION AND ORDER**

   v.          1:23-cv-01046-EAW

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____

## INTRODUCTION

Plaintiff Santana W. ("Plaintiff") seeks attorneys' fees in the amount of $10,400.00 pursuant to 42 U.S.C. § 406(b). (Dkt. 16). The Commissioner of Social Security ("the Commissioner") neither supports nor opposes Plaintiff's fee request. (Dkt. 18 at 1). For the reasons below, the Court grants Plaintiff's motion.

## BACKGROUND

On October 2, 2023, Plaintiff filed this action, seeking review of the Commissioner's final decision denying her application for disability insurance benefits ("DIB"). (Dkt. 1). On February 13, 2024, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision and remanding the matter for further proceedings. (Dkt. 12).

By Stipulated Order filed on March 11, 2024, the Court approved payment of $1,272.02 to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for services performed in connection with this action. (Dkt. 15).

On October 29, 2025, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that the Commissioner withheld $28,398.25 from Plaintiff's past-due benefits to pay Plaintiff's attorneys' fees.  (Dkt. 16-4 at 4).

On November 14, 2025, Plaintiff moved under 42 U.S.C. § 406(b) seeking $10,400.00 in attorneys' fees.  (Dkt. 16).  In her motion, Plaintiff's counsel indicates that she received the sum of $1,272.02 under the EAJA, which she will refund to Plaintiff. (Dkt. 16-1 at 4).  The Commissioner filed a response on December 3, 2025.  (Dkt. 18).

## DISCUSSION

### I.      Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment.  Fed. R. Civ. P. 54(d)(2)(B)(1).  Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award.  *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019).  A presumption also applies that a notice is received "three days after mailing."  *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued the Notice of Award associated with Plaintiff's claim on October 29, 2025.  (Dkt. 16-4).  Plaintiff timely filed the instant application sixteen days later on September 14, 2025.  (Dkt. 16).  Accordingly, Plaintiff's application is timely.

## II.    The Reasonableness of the Requested Fee

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A).  In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits.  Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*.  "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

A fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits.  "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17.  Thus, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017).  Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the 25% cap[;]" (2) "whether

there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Plaintiff's counsel seeks $10,400.00 and indicates that this amount is within the statutory 25 percent cap of the total amount of past-due benefits—$113,593.00—awarded by the Commissioner. (Dkt. 16-1 at 4, 9). The Commissioner neither supports nor opposes counsel's request for $10,400.00. (Dkt. 18 at 1). Utilizing the factors set forth above, the Court finds that the amount counsel seeks is within the 25 percent statutory cap, and that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought. There is no reason to believe that

Plaintiff is dissatisfied with the outcome of such representation. Here, the success of Plaintiff's claim was uncertain as demonstrated by multiple denials of her application at the agency level. Accordingly, the amount of time expended by counsel was reasonable in light of the issues presented, the extent and character of representation, Plaintiff's counsel's experience, and the absence of any significant delay in the proceedings caused by counsel.

The requested fee would result in a de facto hourly rate of $2,000.00 ($10,400.00 divided by 5.2 hours). (Dkt. 16-5). Although high, the Court finds that neither the de facto hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Even though the hourly rate requested is greater than Plaintiff's counsel's normal hourly rate of $245.00 per hour (*id*.), counsel's successful representation of Plaintiff's interests achieved reversal of the Commissioner's decision and remand of Plaintiff's application, ultimately resulting in a favorable decision (Dkt. 16-3). Although the time spent on resolving the matter was brief, the Court will not penalize counsel for resolving Plaintiff's matter efficiently. *See Mannouris v. Comm'r of Soc. Sec*., No. 20-CV-9790 (AT) (BCM), 2023 WL 9118792, at *4 (S.D.N.Y. Dec. 22, 2023), *adopted*, 2024 WL 81851 (S.D.N.Y. Jan. 8, 2024) ("the Court [should not] penalize counsel at the fee stage for achieving a good result in an efficient manner"); *Torres v. Colvin*, No. 11 Civ. 5309(JGK), 2014 WL 909765, at *5 (S.D.N.Y. Mar. 6, 2014) ("The more efficient the attorney, the fewer hours he will spend on a task, thus increasing the hourly rate if he invokes his contingency agreement. Thus, to reject a fee request because the resultant hourly rate is too high serves only to penalize efficiency, rather than rewarding it."). Plus, the Court recognizes that the amount sought in attorneys' fees is well below the 25% cap.

Although certainly high, the effective hourly rate of $2,000.00 is not completely out of line with the range of rates under § 406(b) approved by courts.  *See e.g.*, *Fields,* 24 F.4th at 856 n.10 (collecting cases with de facto hourly rates ranging from $1,289.06 to $2,100.00); *Thomas v. Comm'r of Soc. Sec. Admin.*, No. 23 Civ. 04642 (LJL) (GWG), 2024 WL 4942283, at *4 (S.D.N.Y. Dec. 3, 2024), *adopted*, 2024 WL 5168891 (S.D.N.Y. Dec. 19, 2024) (a $2,000 per hour award was reasonable); *Fortier v. Comm'r of Soc. Sec.*, No. 17 Civ. 1969 (KMK) (AEK), 2024 WL 4264865, at *5 (S.D.N.Y. Aug. 13, 2024), *adopted*, 2025 WL 903681 (S.D.N.Y. Mar. 25, 2025) (an hourly rate of $2,052.58 was not a windfall); *James C. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01008-EAW, 2023 WL 8014383, at *2 (W.D.N.Y. Nov. 20, 2023) (a de factor hourly rate of $2,047.00 was not unreasonable).  Accordingly, the Court finds that the requested fee award of $10,400.00 is reasonable and in line with awards generally approved in this District for similar work performed.  The Court is also mindful that "payment for an attorney in a social security case is inevitably uncertain."  *Wells*, 907 F.2d at 371.  Accordingly, the Second Circuit has "recognized that contingency risks are 'necessary factors' in determining reasonable fees under § 406(b)."  *Id*. (quotation marks omitted).

The Court also notes that counsel must return the previously received EAJA fee award of $1,272.02 to Plaintiff.  (Dkt. 16).  *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 16) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel is awarded attorneys' fees in the amount of $10,400.00; and (2) Plaintiff's counsel must refund the previously received EAJA fees of $1,272.02 to Plaintiff.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     April 16, 2026
           Rochester, New York